UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LIOUDMILA LUNKEVICH DYER,

    Plaintiff,

v.                                            CASE NO: 8:07-cv-1905-T-23MAP

WAL-MART STORES, INC.,

    Defendant,

_____/

## **ORDER**

On October 19, 2007, the pro se plaintiff commenced this action. On January 24, 2008, the plaintiff requested an extension of time to effect service, and a January 29, 2008, order (Doc. 5) directed the plaintiff on or before March 3, 2008, to serve the summons and complaint on the defendant in accordance with the requirements of Rule 4, Federal Rules of Civil Procedure. On March 3, 2008, the plaintiff filed a "proof of service" (Doc. 6) showing that the plaintiff sent a copy of the summons and complaint to the defendant's registered agent by certified mail. The defendant contends that this method of service is not permitted by Rule 4 and moves (Doc. 7) to dismiss the complaint pursuant to Rules 4 and 12(b)(5).[1] The plaintiff in turn moves (Doc. 10) for a default judgment against the defendant. In a separate[2] memorandum (Doc. 11)

---

[1] Because the caption of the defendant's motion reads "United States District Court for the Middle District of Florida–Ocala Division," the plaintiff requests (Doc. 11 at 1) an order directing the Clerk to delete item no. 7 from the docket and to forward the motion to the Ocala Division. The request is **DENIED**.

[2] See Local Rule 3.01(a) ("In a motion or other application for an order, the movant shall include a
(continued...)

supporting the motion and responding to the motion to dismiss, the plaintiff argues that she complied with the requirements Rule 4(h) and that, as an attached pamphlet ("How to Serve a Summons in a Civil Suit") issued by the Alaska Court System attests (Doc. 11-1 at 8-9), "service by mail is one of the possible methods to serve a summons in a civil lawsuit."  In response (Doc. 13), the defendant again contends that service has not been effected and notes that in any event the defendant responded to the complaint within twenty days of the defective service by filing a motion to dismiss pursuant to Rule 12(b)(5).  Finally, the plaintiff submits a second "proof of service" (Doc. 14) showing that Stuart C. Dyer sent two copies of the summons and complaint to the defendant's registered agent by "U.S. Express Mail."

Rule 4 provides that service upon a corporation in a judicial district of the United States may be effected according to state law (in this case, Florida law[3]), or by personally delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1). "Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law."  Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC, No.

---

(...continued)
concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request, all of which the movant shall include in a single document not more than twenty-five (25) pages.").

[3] Alaska's rules of service do not apply to this case.  See Rule 4(h)(1)(A) (corporation may be served "in the manner prescribed by Rule 4(e)(1) for serving an individual"); Rule 4(e)(1)(individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made").

3:07-cv-132, 2007 WL 1526650, *1-2 (N.D. Fla. May 24, 2007).[4]  Additionally, service by certified mail is generally insufficient under Florida law.[5]  Because the defendant has not been properly served, the plaintiff's motion for a default judgment (Doc. 10) is **DENIED**.

On or before **May 29, 2008**, the plaintiff shall serve the summons and complaint on the defendant in accordance with the requirements of Rule 4 and file proof of service with the Clerk.  Failure to comply will result in dismissal of this action without further notice.  This is the plaintiff's last opportunity to comply with Rule 4.  The defendant's motion to dismiss (Doc.7) is **DENIED WITHOUT PREJUDICE**.

ORDERED in Tampa, Florida, on April 28, 2008.

*/s/ Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] See also Eastern Shore Marine, Inc. v. Smith, No. 08-22, 2008 WL 697716, *2 (S.D. Ala. Mar. 10, 2008) ("'Delivery' under Rule 4 requires personal delivery, not mailing."); Gilliam v. County of Tarrant, 94 Fed. Appx. 230, 230 (5th Cir. 2004) ("[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4."); Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000); 1 James Wm. Moore et al., Moore's Federal Practice § 4.53 (3d ed. 2007).

[5] See Fla. R. Civ. P. 1.070; Transp. & Gen. Ins. Co. v. Receiverships of Ins. Exch. of the Americas, Inc., 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991); Hicks v. City of Hialeah, 647 So. 2d 984 (Fla. 3d DCA 1994); Paredes v. Cochran, 666 So. 2d 991 (Fla. 4th DCA 1996).  Of course, a defendant may waive service of process and ordinarily has a duty to waive service of process upon receipt of a proper request for waiver of service.  See Fla. R. Civ. P. Rule 1.070(i); Trawick's Florida Practice & Procedure § 8:2 (2007 ed.); Fed. R. Civ. P. 4(d).  However, the plaintiff has filed no executed waiver of service, and the defendant states (Doc. 7 at 3) that the plaintiff provided no request for waiver of service and that the defendant did not agree to waive service or to accept the complaint by mail.